## Isaac S. Storm, Administrator, Appellant, v. Robert M. Brown et al., Appellees.

DECREE—*when not disturbed as against the evidence.* A decree will not be disturbed as against the evidence where such evidence was heard by the chancellor, unless the errors with respect to the findings of fact are clear and palpable.

Foreclosure.   Appeal from the Circuit Court of Shelby county;
the Hon. TRUMAN E. AMES, Judge, presiding.   Heard in this court
at the November term, 1907.   Affirmed.   Opinion filed April 21,
1908.

Dove & Dove, for appellant.

CHAFEE & CHEW, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the
court.

Isaac S. Storm, as administrator of the estate of
Alta S. Garis, deceased, appealed from a decree of the
Circuit Court of Shelby county, refusing to allow a
foreclosure of a mortgage made by Robert M. Brown
and wife to one R. L. Garis, and finding that the mort-
gage indebtedness had been fully paid.

Storm, as administrator, contended that the indebt-
edness, represented by a note of $400, dated January
12, 1893, due in one year from its date, made by Brown
and wife to R. L. Garis, and by R. L. Garis assigned to
his wife, Alta S. Garis, secured by the mortgage
sought to be foreclosed, was wholly due and unpaid,
while upon the part of appellees it was claimed that
such note had been fully paid and in equity the mort-
gage should have been released.

The evidence shows that on July 26, 1894, Brown
paid $125 to R. L. Garis and took his receipt therefor
in which it was stated that the payment was "to be
credited on note and mortgage of $400;" that on Octo-
ber 8, 1894, Brown and wife conveyed a part of the
mortgaged premises to one J. N. Storm; that J. N.
Storm and wife, on February 7, 1901, made a note for
$300 to Alta S. Garis secured by a mortgage of the
same date, which said mortgage was released of record
by said Alta S. Garis on February 18, 1903, and pay-
ment acknowledged of the debt secured by the mort-
gage.

The only question presented is whether or not these
payments of $125 and $300 were payments upon the

mortgage which appellant sought to foreclose. The issue was purely one of fact. The trial court saw the witnesses and heard them testify and we are not disposed to hold that the finding of the court that the mortgage debt involved had been fully paid was unwarranted.

There was some evidence heard upon the trial that was incompetent, but without considering that, there was enough competent evidence to warrant the court in holding that the mortgage debt had been paid. William H. Ragan testified that he had a conversation with Alta S. Garis shortly after she had released the Storm mortgage of $300 while he was acting as attorney for J. N. Storm, in which he said to her that Storm wanted the Brown mortgage released; that it seemed that it had been paid off; that Storm had paid $300 of it and probably had a receipt for the other $100. To this deceased replied to him that her husband had led her to believe that there was $100 back on it. The witness Ragan further said: "I told her Storm had made a mortgage for the balance due on the $400 mortgage, and she said if there was a receipt out for $100 she had never seen it. She made no claim whatever except for the $100, i. e., it may have been a little more, $110 or $125." The testimony of Ragan was undisputed and seems to show fairly that all Alta S. Garis then claimed was a balance of about $100 .

In view of the fact that the evidence clearly shows that R. L. Garis, husband of Alta S. Garis, had, up to the time of his death, attended to all the business in connection with the loan involved, had for several years loaned money for his wife and received payments for her; that he receipted to Brown in July, 1894, for $125 which was to be credited on note and mortgage of $400; that there was no evidence whatever showing any other mortgage of $400, made by Brown to either R. L. Garis or his wife, Alta S. Garis, we are not disposed to disturb the holdings of the chancellor.

The evidence was heard by the chancellor and to au-

thorize a reversal as to a finding of fact the error must be clear and palpable. Mayrand v. Mayrand, 194 Ill. 49; Elmsted v. Nicholson, 186 Ill. 584.

The decree is affirmed.

*Affirmed.*